# EXHIBIT GG

This chapter is from French International Arbitration Law Reports: 1963-2007.
© JurisNet, LLC 2014 www.arbitrationlaw.com

# Paris Court of Appeal
## 1st Chamber – Section C
### Decision of 1 July 1999
(No.   , 13 pages)
Docket number: 1998/24637

| ORIGINAL | TRANSLATION |
|---|---|
| Recours en annulation d'une sentence arbitrale (CCI 7307/FMS) rendue le 14 mai 1998 à Paris par la Cour Internationale d'Arbitrage de la Chambre de Commerce Internationale, le Tribunal arbitral étant composé de Me Richard FERNYHOUGH, Me John TACKABERRY et Me Yves DERAINS. | Action to set aside an arbitral award (ICC 7307/FMS) rendered in Paris on 14 May 1998 by the International Arbitration Court of the International Chamber of Commerce. The Arbitral Tribunal was composed of Mr. Richard FERNYHOUGH, Mr. John TACKABERRY and Mr. Yves DERAINS. |
| Date ordonnance de clôture : 3 juin 1999 | Date of order of closure: 3 June 1999 |
| Nature de la décision : contradictoire | Nature of the decision: both parties having appeared |
| Décision : annulation | Decision: award set aside |
| **DEMANDERESSE AU RECOURS EN ANNULATION** | **CLAIMANT IN THE ACTION TO SET ASIDE THE AWARD** |
| La société BRASPETRO OIL SERVICES COMPANY "BRASOIL" société de droit privé des îles Caïmans dont le siège social est West Wind Building, George Town, Grand Cayman ILES CAÏMANS | Braspetro Oil Services Company, "BRASOIL" a company organised under the private laws of the Cayman Islands, having its registered office at: West Wind Building, George Town, Grand Cayman – Cayman Islands. |
| Représentée par la S.C.P. FISSELIER - CHILOUX - BOULAY, avoué Assistée de Maître Jean-Louis DEL VOLVE et Maître Jean ROUCHE, avocats à la Cour (P 248) | represented by SCP FISSELIER-BOULAY-CHILOUX, *avoués à la Cour*, assisted by Mr. Jean-Louis Delvolve and Mr. Jean Rouche, Attorneys-at-law (P-248). |
| **DEFENDEUR AU RECOURS EN ANNULATION :** | **RESPONDENTS IN THE ACTION TO SET ASIDE THE AWARD** |
| THE MANAGEMENT AND IMPLEMENTATION AUTHORITY | THE MANAGEMENT AND IMPLEMENTATION AUTHORITY |

**FRENCH INTERNATIONAL ARBITRATION LAW REPORTS**

| ORIGINAL | TRANSLATION |
|---|---|
| OF THE GREAT MAN-MADE RIVER PROJECT<br>Etablissement public de droit libyen dont le siège social est PO Box 9468 and or 648, BENGHAZI (Libye) | OF THE GREAT MAN-MADE RIVER PROJECT A government agency organised under Libyan law, having its registered office at: PO Box 9468 and/or 648, Benghazi – Libya |
| Représenté par la S.C.P. DUBOSCQ - PELLERIN, avoué<br>Assisté de Maître GOLDMAN, avocat à la Cour (C 492) | represented by SCP DUBOSCQ-PELLERIN, avoués à la Cour, assisted by Mr. GOLDMAN, Attorney-at-law (C 492). |
| **COMPOSITION DE LA COUR** : lors des débats et du délibéré | **MEMBERS OF THE COURT:**<br>During the debates and deliberation |
| Président : Madame COLLOMP | Judge Collomp, presiding Judge, |
| Conseiller : Madame GARBAN, | Madame Garban, Judge |
| Conseiller : Monsieur THERY, ce dernier appelé d'une autre chambre pour compléter la Cour, en remplacement des autres membres de cette chambre légitimement empêchés. | Madame Thery, Judge was called from another chamber to complete the composition of the court and replace other members of the chamber who were genuinely impeded, |
| **GREFFIER** lors des débats et du prononcé de l'arrêt : Mlle FERRIE | **Clerk** during the hearing: Ms. Ferrie |
| MINISTERE PUBLIC Représenté aux débats par Monsieur LAUTRU, Avocat Général, qui a été entendu en ses explications. | For the office of the Attorney General: Mr. Lautru, Attorney General, whose explanations were heard. |
| DEBATS à l'audience publique du 10 juin 1999 | Debates during the public hearing on 10 June 1999 |
| **ARRET** - CONTRADICTOIRE prononcé publiquement par Madame COLLOMP, Président, qui a signé la minute avec Mlle FERRIE, Greffier. | **DECISION** - All parties having appeared publicly pronounced by Judge Collomp, presiding Judge, who signed the decision along with Ms. FERRIE, clerk. |
| THE MANAGEMENT AND IMPLEMENTATION AUTHORITY OF THE GREAT MAN-MADE RIVER PROJECT (ci-après GMRA par abréviation), est un établissement de droit public libyen ayant pour mission | THE MANAGEMENT AND IMPLEMENTATION AUTHORITY OF THE GREAT MAN-MADE RIVER PROJECT (hereafter abbreviated to GMRA), is a Libyan state agency subject to Libyan public law with a specific |

Paris Court of Appeal
1st Chamber – Section C
Decision of 1 July 1999
(No.   , 13 pages)
Docket number: 1998/24637

---

| ORIGINAL | TRANSLATION |
|---|---|
| spécifique l'extraction par forage de quantités massives d'eau et leur distribution à partir des nappes phréatiques contenues dans le sous-sol du désert libyen afin de servir notamment à l'irrigation de terres à vocation agricole dans l'ensemble du pays. | mandate to extract by drilling massive quantities of water from the water table below the Libyan desert to be distributed for the purpose of irrigating farmland throughout the country. |
| Dans le cadre de ce projet, GMRA a conclu le 6 juillet 1986 avec la société privée des îles CAÏMAN, BRASPETRO OIL SERVICES COMPANY (BRASOIL), un contrat aux termes duquel, celle-ci s'engageait à forer 270 puits artésiens et 48 puits d'observation dans les zones de SARIR et de TAZERBO situées l'une et l'autre dans le désert libyen ; | As part of this project, GMRA entered into an agreement on 6 July 1986 with a private company organised under the laws of the Cayman islands, Braspetro Oil Services Company (BRASOIL). The terms of the contract stipulated that BRASOIL would drill 270 artesian aquifers and 48 observation wells in the Sarir and Tazerbo areas, both situated in the Libyan desert. |
| Ce contrat qui était soumis au droit libyen des contrats administratifs, comportait une clause compromissoire renvoyant à l'arbitrage de la Cour Internationale d'Arbitrage de la Chambre de Commerce Internationale, les différends pouvant naître de son exécution ; | This contract was subject to the law governing Libyan state contracts and contained an arbitration agreement providing for arbitration before the International Chamber of Commerce's International Arbitration Court, in the case of a dispute arising from the contract. |
| En 1990 des dysfonctionnements se manifestant par des quantités excessives de sable dans l'eau, sont apparus dans les puits de SARIR ; il s'est avéré qu'ils étaient dus à la rupture des crépines installées à plusieurs endroits de la colonne verticale des puits à partir d'une certaine profondeur ; | In 1990, large quantities of sand in the water revealed malfunctions within the SARIR wells. The problems were caused by various intake screens breaking within the vertical column of the well starting at a certain depth. |
| Les parties se sont trouvées en désaccord sur l'imputabilité de ces désordres, GMRA soutenant qu'ils étaient dus à un sous-dimensionnement | The parties could not agree on the cause of these problems. GMRA argued that BRASOIL was to blame for having used intake screens which were too |

FRENCH INTERNATIONAL ARBITRATION LAW REPORTS

| ORIGINAL | TRANSLATION |
|---|---|
| des crépines par BRASOIL et celle-ci faisant état d'une mauvaise qualité de l'eau à laquelle GMRA se serait abstenue de remédier ; | small, and BRASOIL countered that the cause was the inferior quality of the water, which GMRA had failed to remedy. |
| C'est dans ces conditions que le litige est né entre les parties et qu'une procédure arbitrale a été initiée par BRASOIL qui n'était plus réglée de ses factures et s'était vue interdire la poursuite de ses travaux ; | It is against this backdrop that the dispute arose between the parties and that arbitration was initiated by BRASOIL, whose invoices were no longer being honoured and which was unable from pursuing the works. |
| Par une sentence partielle du 9 mars 1995, le tribunal arbitral a notamment déclaré que la cause principale des dysfonctionnements constatés avait été un sous-dimensionnement des crépines imputable entièrement à BRASOIL, dit en conséquence que la résiliation du contrat par GMRA avait été fondée et a renvoyé la liquidation du dommage de celle-ci à la sentence finale devant intervenir à l'issue de la seconde phase des opérations d'arbitrage ; | By a partial arbitral award on 9 March 1995, the arbitral tribunal notably held that the main cause of the discovered malfunction was the use of undersized intake screens and that the blame lies entirely with BRASOIL. It consequently holds that GMRA's termination of the agreement was well-founded and postponed ruling o damages to the final award to be rendered at the end of the second phase of the arbitration. |
| GMRA ayant communiqué le 29 mai 1997, au cours de cette, seconde phase, des documents dont BRASOIL a estimé qu'ils remettaient en cause les conclusions des arbitres quant à sa propre responsabilité et qu'ils avaient été dissimulés frauduleusement, celle-ci a saisi le tribunal arbitral toujours constitué, d'une demande de révision de sa sentence du 9 mars 1995 ; | As GMRA had, on 29 May 1997 during this second phase, communicated documents which BRASOIL believed to question the arbitrators' findings regarding its liability, and to have been fraudulently concealed. BRASOIL filed a request to the arbitral tribunal, which was still constituted, to revise its award dated 9 March 1995. |
| Après avoir entendu les parties à l'audience du 19 décembre 1997, le tribunal arbitral a rendu le 14 mai 1998 une décision qu'il a qualifié "d'ordonnance" dont le dispositif est le suivant : | After having heard the parties in the hearing of 19 December 1997, the arbitral tribunal rendered on 14 May 1998 a decision, described as an "order," the operative part of which stated the following: |

**Paris Court of Appeal**
**1st Chamber – Section C**
**Decision of 1 July 1999**
**(No.   , 13 pages)**
**Docket number: 1998/24637**

---

| ORIGINAL | TRANSLATION |
|---|---|
| – la recevabilité du recours en révision de la Sentence partielle déposé par BRASOIL doit être traitée conformément au droit français ; | – the admissibility of BRASOIL's request for a revision of the partial award is to be examined in accordance with French law. |
| – En vertu du droit français, le seul motif acceptable pour la révision d'une sentence prononcée en France, dans un arbitrage international, est la fraude ; | – By virtue of French law, the only acceptable ground upon which to request revision of an award rendered in France in an international arbitration, is fraud. |
| – Pour que le recours en révision de BRASOIL soit recevable, BRASOIL aurait dû prouver la fraude ; | – for BRASOIL's request for revision to be admissible, it would have had to prove that there had such fraud. |
| – BRASOIL n'a pas prouvé que les documents ont été frauduleusement retenus par GMRA, ni aucune sorte de fraude ; | – BRASOIL did not prove that the documents where fraudulently withheld by GMRA, nor the existence of any manner of fraud. |
| – Le recours de BRASOIL en révision de la sentence n'est pas recevable ; | – BRASOIL's request for revision is not admissible. |

Faisant valoir qu'en dépit de sa qualification "d'ordonnance", la décision précitée constituait bien néanmoins une "sentence" dès lors qu'elle tranchait une question litigieuse entre les parties, BRASOIL a formé contre elle un recours en annulation fondé sur les articles 1504 et 1502 alinéas 3, 4 et 5 du nouveau code de procédure civile, les arbitres n'ayant d'après elle, respecté ni la mission qui leur avait été conférée ni le principe de la contradiction et ayant rendu une décision contraire à l'ordre public international ;

Arguing that despite being described as an "order" the aforementioned decision nonetheless constituted an "award" as it ruled on a dispute between the parties, BRASOIL filed an action to set the award aside on the basis of Articles 1504 and 1502 paras. 3, 4 and 5 of the New Code of Civil Procedure. According to BRASOIL, the arbitrators did not comply with the mandate conferred upon them, nor with the principle of due process, and rendered a decision which was contrary to international public policy.

Elle demande d'annuler cette "sentence" en condamnant GMRA à lui payer une somme de 100.000 Francs sur le

BRASOIL requests that the "award" be set aside and that GMRA be ordered to pay it an amount of FF 100,000 on the

FRENCH INTERNATIONAL ARBITRATION LAW REPORTS

| ORIGINAL | TRANSLATION |
|---|---|
| fondement de l'article 700 du nouveau code de procédure civile ; | basis of Article 700 of the New Code of Civil Procedure. |
| GMRA soutient au principal que la décision litigieuse n'est pas une sentence et que le recours est par suite irrecevable ; | GMRA principally counters that the disputed decision is not an award and that, consequently, the action is not admissible. |
| A titre subsidiaire, elle fait valoir que les conditions d'ouverture du dit recours ne sont pas réunies et qu'il convient de débouter BRASOIL de toutes ses prétentions ; | In the alternative, it argues that the conditions for said recourse to be available are not met and that all BRASOIL's claims must thus be dismissed. |
| Elle sollicite l'allocation d'une somme de 100.000 Francs sur le fondement de l'article 700 du nouveau code de procédure civile. | It requests an amount of FF 100,000 on the basis of Article 700 of the New Code of Civil Procedure. |
| Les parties ont déposé, en réponse aux arguments développés à l'audience par le Ministère Public, une note en délibéré par application de l'article 445 du nouveau code de procédure civile ; | In response to the arguments presented at the hearing by the Attorney General's office, the parties made post-hearing submissions in accordance with Article 445 of the New Code of Civil Procedure. |
| **SUR CE LA COUR :** | **THE COURT RULES:** |
| **Sur la qualification de la décision litigieuse :** | **On the characterisation of the disputed decision:** |
| Considérant que la qualification de sentence ne dépend pas des termes retenus par les arbitres ou par les parties ; | Considering that the characterisation of 'award' does not depend on the terms used by the arbitrators or the parties. |
| Considérant que BRASOIL a saisi les arbitres le 15 octobre 1997 d'une demande de révision de la sentence partielle du 5 mars 1995 en faisant valoir d'une part que GMRA avait frauduleusement dissimulé des pièces décisives qu'elle avait en sa possession dès le début des opérations d'arbitrage et qui auraient été de nature à remettre en cause la décision relative à la responsabilité des désordres, d'autre part qu'en tout état de cause, ces pièces | Considering that BRASOIL made a request on 15 October 1997 for the revision by the arbitrators of their partial award of 5 march 1995 on the grounds that: firstly, GMRA had fraudulently concealed decisive items of evidence of which it was in possession from the very start of the arbitration and which could call into question the arbitrators' decision regarding the liability for the malfunction, and secondly, that in any event, this evidence constituted the |

Paris Court of Appeal
1st Chamber – Section C
Decision of 1 July 1999
(No.   , 13 pages)
Docket number: 1998/24637

---

| ORIGINAL | TRANSLATION |
|---|---|
| constituaient la révélation d'un fait décisif qu'elle même avait ignoré sans faute de sa part ; | revelation of a decisive fact of which it was not aware, through no fault of its own. |
| Considérant que GMRA a contesté la recevabilité et le bien fondé de la demande ; | Considering that GMRA contested that the request was neither admissible nor well-founded. |
| Que les parties ont échangé des mémoires sur la question litigieuse et ont été entendues à l'audience du 19 décembre 1997 ainsi que leurs "experts respectifs" ; qu'au vu de l'ensemble de ces éléments et à l'issue d'un délibéré de cinq mois, le tribunal arbitral a finalement rendu "l'ordonnance" du 14 mai 1998, où après avoir longuement discuté le mérite respectif des moyens développés de part et d'autre, il a déclaré le recours irrecevable, faute pour BRASOIL d'avoir démontré la réalité de la fraude alléguée ; | The parties exchanged briefs on the issue in dispute and both the parties and their "respective experts" were heard at the 19 December 1997 hearing. In light of all these elements and following the five-month deliberations, the arbitral tribunal finally rendered an "order" on 14 May 1998. In this "order", after having discussed the various arguments of either side at length, it found that the action was inadmissible, as BRASOIL had failed to prove the alleged fraud. |
| Considérant que la décision motivée par laquelle les arbitres ont ainsi, après examen des thèses contradictoires des parties et appréciation minutieuse de leur bien-fondé, tranché de manière définitive la contestation qui opposait les parties quant à la recevabilité du recours en révision initié par BRASOIL en rejetant les prétentions de BRASOIL et mis fin au litige qui s'était greffé sur l'instance qui leur était soumise, ressort bien à l'évidence à l'exercice du pouvoir juridictionnel du tribunal arbitral ; | Considering that the reasoned decision by which the arbitrators, after examining the parties' contradictory arguments and assessing whether they were founded in great detail, thus definitively ruled on the matter opposing the two parties, i.e. whether BRASOIL's request for revision was admissible, dismissed BRASOIL's claims. The arbitral tribunal thus brought to an end this issue which had arisen during the course of the proceedings to rule on the dispute submitted to it. It is evident then that this did indeed fall under the arbitrators' jurisdictional powers. |
| Et considérant que le moyen opposé par GMRA d'après lequel "l'ordonnance" litigieuse s'analyserait en une décision | And considering that the argument offered by GMRA, according to which the disputed "order" should be treated as |

**FRENCH INTERNATIONAL ARBITRATION LAW REPORTS**

| ORIGINAL | TRANSLATION |
|---|---|
| de refus d'ouvrir une instance en rétractation et devrait être par suite assimilée aux "décisions d'administration de la procédure" prises par l'institution d'arbitrage pour refuser d'ouvrir une instance en arbitrage ou d'y appeler un tiers, n'est pas fondé alors qu'en tout état de cause, et à supposer même la comparaison exacte, si les décisions de la CCI ne sont pas des sentences, quelles que soient la nature des difficultés qu'elles tranchent et la procédure suivie, c'est pour la raison principale qu'elles n'émanent pas d'un tribunal arbitral, ce qui évidemment n'est pas le cas en l'espèce ; | a decision refusing to initiate retraction proceedings and should consequently be assimilated with "procedural orders" made by the arbitration institution in order to refuse to initiate an arbitration or to summon a third-party, is not founded; while, in any event, even assuming this analogy to be correct, if the ICC's decisions are not considered to be awards, whatever the nature of the problems ruled upon and the procedure followed, it is primarily because they are not issued by an arbitral tribunal, which is evidently not the case in this particular situation. |
| Que contrairement à ce que soutient GMRA et nonobstant sa qualification "d'ordonnance", la décision du 14 mai 1998 qui n'était pas une décision participant de l'instruction de l'arbitrage, est donc bien une véritable sentence ; | That, contrary to what GMRA contends, and notwithstanding its characterisation as an "order", the 14 May 1998 decision which, was not a decision of a procedural nature in the arbitration proceedings, is thus a proper award. |
| Qu'il s'ensuit que le recours en annulation formé par BRASOIL est recevable ; | Thus the action to set aside the award filed by BRASOIL is admissible. |
| **Sur le recours en annulation :** | **On the action to set aside** |
| Considérant que par application des articles 1504 et 1502 du nouveau code de procédure civile, une sentence arbitrale encourt l'annulation si ...3° l'arbitre a statué sans se conformer à la mission qui lui avait été conféré et si ...4° le principe de la contradiction n'a pas été respecté ; | Considering that by virtue of Articles 1504 and 1502 of the New Code of Civil Procedure, an arbitral award may be set aside … 3. where the arbitrator ruled without complying with the mandate conferred upon him or her and … 4. where due process has not been respected. |
| Considérant qu'entre autres motifs, BRASOIL soutient précisément que la décision du 14 mai 1998 encourrait l'annulation sur chacun de ces fondements ; | Considering that, inter alia, BRASOIL argues that the 14 May 1998 decision can be set aside on each of these grounds. |

Paris Court of Appeal
1st Chamber – Section C
Decision of 1 July 1999
(No.   , 13 pages)
Docket number: 1998/24637

| ORIGINAL | TRANSLATION |
|---|---|
| Qu'elle fait valoir en effet en premier lieu que dès lors que la décision litigieuse était bien une sentence arbitrale et non une simple ordonnance de procédure, les articles 21 et 23 du Règlement d'Arbitrage de la Cour Internationale d'Arbitrage de la Chambre de Commerce Internationale faisaient obligation aux arbitres de la soumettre pour approbation à la Cour Internationale d'Arbitrage de la Chambre de Commerce Internationale avant de la signer et de la faire notifier aux parties ; que s'étant abstenu de cette démarche, le tribunal arbitral a failli à sa mission de rendre une sentence conformément au Règlement d'arbitrage choisi par les parties ; | It argues, firstly, that once it is established that the disputed decision is an arbitral award and not just a simple procedural order, then Articles 21 and 23 of the Arbitration Rules of the International Arbitration Court of the International Chamber of Commerce oblige the arbitrators to submit it to the International Arbitration Court of the International Chamber of Commerce for approval before signing it and having it notified to the parties. In failing to carrying out this preliminary procedure, the arbitral tribunal did not comply with its mandate to render an award in accordance with the arbitration rules chosen by the parties. |
| Qu'elle soutient en second lieu que les arbitres auraient violé les droits fondamentaux de la défense et le principe de la contradiction en même temps que l'article 11 du Règlement d'Arbitrage qu'ils avaient reçu mission d'appliquer, d'une part en déclarant sa demande de révision irrecevable au motif que la fraude de GMRA n'était pas prouvée alors que cette question n'avait pas encore fait l'objet d'un débat contradictoire et qu'aucune possibilité de faire cette preuve ne lui avait offerte malgré ses demandes et ses protestations, d'autre part en abordant, fût-ce "prima facie", le fond du litige au mépris de l'ordre du jour qu'il avait été convenu de limiter à la seule recevabilité du recours ; | Secondly, BRASOIL maintains that the arbitrators failed to comply with fundamental due process rights and the principle of adversarial hearings, as well as with Article 11 of the Arbitration Rules which their mandate obliged them to apply: on the one hand, in holding that its request for revision was inadmissible on the grounds that no fraud on the part of GMRA had been proven even though the issue had not been subjected to an adversarial debate and that had not been given any opportunity to provide such proof, despite its requests and objections; and secondly, in examining, even on a prima facie basis, the merits of the dispute in disregard for the agreed agenda circumscribed to discussing the admissibility of the action. |
| Considérant, sur le premier moyen, qu'aux termes de l'article 21 du | Considering, on the first argument, that according to Articles 21 of the |

FRENCH INTERNATIONAL ARBITRATION LAW REPORTS

| ORIGINAL | TRANSLATION |
|---|---|
| Règlement d'Arbitrage de la Cour Internationale d'Arbitrage de la Chambre de Commerce Internationale auquel les parties avaient choisi de se référer, | Arbitration Rules of the International Arbitration Court of the International Chamber of Commerce to which the parties chose to refer, |
| "Avant de signer une sentence partielle ou définitive, l'arbitre doit en soumettre le projet à la Cour Internationale d'Arbitrage ; | "Before signing any Award, the Arbitral Tribunal shall submit it in draft form to the Court. |
| Celle-ci peut prescrire des modifications de forme. Elle peut, en respectant la liberté de décision de l'arbitre, appeler son attention sur des points intéressant le fond du litige. | The Court may lay down modifications as to the form of the Award and, without affecting the Arbitral Tribunal's liberty of decision, may also draw its attention to points of substance. |
| Aucune sentence ne peut être rendue sans avoir été approuvée en la forme par la Cour." | No Award shall be rendered by the Arbitral Tribunal until it has been approved by the Court as to its form." |
| Considérant par ailleurs que selon l'article 23, la sentence, une fois rendue dans les conditions ci-dessus précisées, est notifiée aux parties par les soins du Secrétariat de la Cour Internationale d'Arbitrage de la Chambre de Commerce Internationale ; | Considering moreover that according to Article 23, once the award has been rendered under the aforementioned conditions, the secretariat of the International Arbitration Court of the International Chamber of Commerce notifies the award to the parties. |
| Considérant qu'il est constant qu'en l'espèce les arbitres se sont abstenus de soumettre leur projet "d'ordonnance" à la Cour Internationale. d'Arbitrage et que la décision a été notifiée aux parties sans avoir subi ce contrôle préalable ; | Considering it is undisputed that the arbitrators in this case failed to submit their draft "order" to the International Arbitration Court, and that the decision was notified to the parties without having been submitted to such preliminary review. |
| Considérant qu'en manquant ainsi à une disposition essentielle et caractéristique du Règlement d'Arbitrage de la Cour Internationale d'Arbitrage de la Chambre de Commerce Internationale puisqu'elle tend à garantir aux parties qui s'y réfèrent le respect d'exigences minimales quant à la forme et au fond de la sentence à intervenir et à les | Considering that in thus failing to comply with this essential and characteristic provision of the Arbitration Rules of the International Arbitration Court of the International Chamber of Commerce, of which the purpose is to guarantee parties referring to it that awards are rendered in full compliance of the minimum formal and substantive |

**Paris Court of Appeal**
**1st Chamber – Section C**
**Decision of 1 July 1999**
**(No.   , 13 pages)**
**Docket number: 1998/24637**

| ORIGINAL | TRANSLATION |
|---|---|
| assurer d'obtenir une décision conforme à ce Règlement, les arbitres ne se sont pas conformés à la mission qui leur avait été conférée ; | requirements and to ensure that they obtain a decision which is in accordance with the Rules, the arbitrators did not comply with the mandate conferred upon them. |
| Considérant toutefois que GMRA fait valoir qu'en s'abstenant de protester immédiatement et en attendant six mois avant d'introduire son recours en annulation puis en refusant de faire procéder à la régularisation qu'elle-même lui avait proposée, BRASOIL aurait renoncé à se prévaloir de l'irrégularité qu'elle dénonce aujourd'hui ; | However, considering that GMRA argues that in failing to object immediately and waiting 6 months to file an action to set the award aside and subsequently refusing to proceed to the regularisation that it itself had suggested, BRASOIL waived its right to rely on the irregularity contested today. |
| Mais considérant qu'une telle renonciation ne peut être opposée qu'à la partie, qui ayant eu connaissance au cours de la procédure d'arbitrage d'une irrégularité de celle-ci, s'abstient volontairement de la dénoncer et laisse se poursuivre la procédure jusqu'à son terme sans en faire état ; | But considering that such waiver can only apply to a party which, while aware of a procedural irregularity during the arbitration proceedings, voluntarily fails to object to it and allows the proceedings to run its course without mentioning it. |
| Or considérant qu'en l'espèce BRASOIL n'a eu connaissance du manquement des arbitres qu'une fois la décision rendue et notifiée aux parties, alors que l'instance en révision avait été déclarée irrecevable et que les arbitres se trouvaient déjà dessaisis de la contestation qu'ils avaient tranchée ; | Yet considering that in the case at hand, BRASOIL was not aware of the arbitrators' failing until the decision was rendered and notified to the parties, while the revision proceedings had been deemed admissible and the arbitrators' no longer had jurisdiction over the issue that they had decided. |
| Qu'elle ne peut donc avoir renoncé à se prévaloir d'une irrégularité qu'elle ignorait avant la décision ; | It can thus not have waived the right to object to an irregularity of which it was not aware before the decision. |
| Qu'étant encore observé qu'aucune régularisation utile ne pouvait plus intervenir une fois "l'ordonnance" rendue ainsi d'ailleurs que le Président | It must be noted that no useful regularisation could take place after the "order" had been rendered, as the Chairman of the arbitral tribunal |

FRENCH INTERNATIONAL ARBITRATION LAW REPORTS

| ORIGINAL | TRANSLATION |
|---|---|
| du tribunal arbitral en a lui-même convenu dans son courrier du 29 janvier 1999 adressé aux avocats des deux parties, GMRA n'est pas fondée à dénier à BRASOIL le droit d'invoquer le défaut de respect par les arbitres du Règlement d'Arbitrage ; | incidentally mentioned in his letter of 29 January 1999 to the counsel of the two parties. GMRA had no ground on which to deny BRASOIL the right to rely on the arbitrators' failure to comply with the Arbitration Rules. |
| Et considérant que le fait d'attendre pour initier un recours ne peut valoir à l'évidence renonciation à l'exercer ; | And considering that the fact that BRASOIL waited before initiating its action to set aside the award cannot, in this case, be deemed a waiver of the right to initiate such action. |
| Qu'il s'en déduit que de ce premier chef la décision du 14 mai 1998 encourt l'annulation ; | Thus, based on this first ground, the decision on 14 May 1998 can be set aside. |
| Considérant, sur le deuxième moyen, que les arbitres sont tenus de respecter l'égalité des parties et le principe de la contradiction ; qu'ils doivent notamment veiller à ce que chaque partie ait été en mesure de faire valoir ses prétentions de fait et de droit, de connaître celles de son adversaire et de les discuter ; | Considering that, on the second argument, the arbitrators have an obligation to respect the principle of equality between the parties and comply with due process. They must notably ensure that each party is able to bring forward its claims based on facts and law, to know of the other party's claims and discuss them. |
| Considérant que le 15 octobre 1997, BRASOIL a présenté au tribunal arbitral une requête en révision de la sentence partielle du 9 mars 1995 qu'elle concluait ainsi "Pour résumer : il n'est pas douteux qu'un tribunal arbitral international y compris un tribunal de la CCI, a le pouvoir intrinsèque de réviser son jugement si des faits nouveaux d'une importance décisive sont découverts avant que le tribunal ne devienne *functus officio*, à condition que l'autre partie n'ait pas pu raisonnablement obtenir cette preuve en temps opportun. La fraude, y compris la dissimulation de documents ou autres justificatifs, constitue un "fait nouveau" | Considering that on 15 October 1997, BRASOIL presented the arbitral tribunal with a request for the revision of the partial award of 9 March 1995 which ended as follows: "To sum up: there is no doubt that an international arbitral tribunal, including an ICC tribunal, has the intrinsic power to revise its decision if new facts of decisive importance are discovered before the tribunal becomes *functus officio*, on condition that the other party would not reasonably have been able to obtained proof in time. Fraud, including concealing documents or other written proof, constitutes a "new fact" for the purpose of revision. The new fact is |

Paris Court of Appeal
1st Chamber – Section C
Decision of 1 July 1999
(No.   , 13 pages)
Docket number: 1998/24637

| ORIGINAL | TRANSLATION |
|---|---|
| aux fins de révision. Le fait nouveau est "décisif si "lorsqu'il est ajouté aux autres faits de l'affaire examinés précédemment, il fait sérieusement pencher la balance, et en conséquence, modifie les conclusions auxquelles est parvenu le tribunal". Du fait que ce pouvoir de révision est inhérent au pouvoir du tribunal de déterminer ses propres procédures, il n'a pas à être expressément mentionné dans le *compromis* ou dans le dossier constitutif du tribunal. Le pouvoir de révision est reconnu depuis longtemps comme confirmant plutôt que contredisant le principe d'irrévocabilité. " ; | "decisive" if "when it is added to the other facts previously examined, it does considerably tip the scales, and consequently, modifies the conclusions reached by the tribunal." As this power of revision is inherent to the tribunal's power to define its own procedure, it was not expressly mentioned in the arbitration agreement or in the documents relating to the constitution of the tribunal. The power of revision has been recognised for some time as confirming, rather than contradicting the principle of irrevocable decisions."; |
| Considérant que dans ses deux lettres d'accompagnement du même jour, BRASOIL sollicitait du tribunal arbitral qu'il déclare sa demande recevable et "que la question de la révision soit débattue par une audience sur le fond..." | Considering that in its two accompanying letters of the same day, BRASOIL requested that the arbitral tribunal declare its request admissible and that "the issue of revision be discussed during a hearing on the merits…" |
| Considérant que s'étant vue impartir un délai jusqu'au 31 octobre pour faire ses commentaires "tant sur la recevabilité que sur le fond" (lettre du 17 octobre du tribunal arbitral) GMRA a sollicité une prolongation jusqu'au 14 novembre 1997 en raison de la nécessité où elle se trouvait "d'opposer à la demande une défense appropriée" ; | Considering that it was given until 31 October to submit comments "both on admissibility and the merits" (letter of the arbitral tribunal dated 17 October) GMRA requested an extension until 14 November 1997 as it needed to "defend itself appropriately against the request." |
| Qu'ayant obtenu la prolongation sollicitée, ce n'est finalement que le 18 novembre 1997, que GMRA a fait parvenir une réplique de plus de 500 pages où elle soutenait notamment que la preuve de la fraude était nécessaire à la recevabilité du recours en révision et | Having obtained the requested extension, GMRA only submitted on 18 November 1997 its 500-page reply in which it notably argued that proof of fraud was necessary in order for the request for revision to be admissible, and that, in this case, such proof had not |

**FRENCH INTERNATIONAL ARBITRATION LAW REPORTS**

| ORIGINAL | TRANSLATION |
|---|---|
| qu'en l'espèce elle n'était pas rapportée ; | been provided. |
| Considérant que le 19 novembre, BRASOIL a contesté la recevabilité de cette réplique et y a répondu par une note de deux pages consacrées essentiellement aux questions de recevabilité et au point de savoir si cette recevabilité impliquait la preuve de la fraude alléguée ou s'il suffisait que le demandeur établisse "prima facie le bien fondé de la découverte de faits nouveaux d'une nature décisive" et où elle réitérait sa demande d'audience pour "statuer sur la recevabilité de sa demande de révision" et dans l'affirmative, "déterminer la procédure à suivre par la suite" ; | Considering that on 19 November, BRASOIL contested the admissibility of the reply and responded in a two page-note essentially examining the issues concerning admissibility and whether admissibility constituted implicit proof of the alleged fraud or if it was sufficient for the claimant to establish "prima facie, the well-foundedness of the discovery of new facts of a decisive nature" and reiterating its request for a hearing "to rule on the admissibility of its request for revision" and in the event of a positive answer, "to determine the procedure to be followed." |
| Considérant que par ordonnance du 20 novembre 1997, le tribunal arbitral a décidé de déclarer recevables les commentaires de GMRA bien qu'ils aient été adressés avec retard, donné un délai jusqu'au 21 novembre 1997 à BRASOIL pour y répondre et annoncé qu'aucune nouvelle écriture ne serait acceptée au delà de cette même date ; | Considering that by order of 20 November 1997 the arbitral tribunal decided to hold admissible GMRA's comments even though they were submitted late, granted BRASOIL until 21 November 1997 to respond to these comments and stated that no new submission would be accepted after that date. |
| Que le 21 novembre, GMRA a répondu par une note succincte sur la question de recevabilité ; | On 21 November, GMRA responded on the issue of admissibility in a short note. |
| Considérant enfin que le 27 novembre 1997, le tribunal arbitral a fixé au 1er décembre la date de l'audience sur la demande de révision en précisant "Cette audience se limitera à la recevabilité en principe de la demande du Demandeur, y compris les pouvoirs du Tribunal de statuer sur cette demande à la lumière de l'article 1491 du nouveau code de procédure civile ou autrement." ; | Considering, lastly, that on 27 November 1997, the arbitral tribunal set the date for the hearing to discuss the request for revision at 1 December, specifying that "this hearing will deal exclusively with admissibility at the request of the Claimant, including the tribunal's power to rule on this request in light of Article 1491 of the New Code of Civil Procedure or otherwise."; |

Paris Court of Appeal
1st Chamber – Section C
Decision of 1 July 1999
(No.   , 13 pages)
Docket number: 1998/24637

| ORIGINAL | TRANSLATION |
|---|---|
| Considérant qu'au cours de cette audience qui s'est finalement tenue le 19 décembre 1997, le Président du tribunal arbitral a précisé aux parties qu'il y avait lieu de débattre sur l'existence ou la non existence de la fraude comme condition de la recevabilité ; que GMRA qui s'était expliquée sur ce point dans son commentaire du 18 novembre s'est exécutée ; que BRASOIL a au contraire protesté en faisant valoir qu'elle avait été induite en erreur sur le contenu de la notion de recevabilité et a sollicité immédiatement et par note en délibéré du 9 janvier 1998, la réouverture des débats pour lui permettre de conclure sur la preuve de la fraude et de répondre sur ce point aux longs commentaires adressés par GMRA trois jours seulement avant la clôture de l'instruction ; | Considering that during the course of the hearing which was eventually held on 19 December 1997, the Chairman of the arbitral tribunal informed the parties that there was a need to discuss the existence or non-existence of the fraud, as a condition to determine admissibility. GMRA, who had provided explanations on this issue, did as was requested. BRASOIL however objected, contending that it had been misled regarding the content of the notion of admissibility and requested immediately, in a post-hearing submission of 9 January 1998, that the discussion be reopened to enable it to react on the issue of the proof of fraud and reply to the lengthy comments submitted by GMRA a mere three days before the hearings were closed. |
| Considérant cependant qu'estimant que les deux parties avaient eu "l'occasion de présenter leurs arguments relativement à la question de recevabilité, tant dans leur mémoire écrit que lors de l'audience de décembre 1997" et que "le principe de la contradiction avait été respecté", le tribunal arbitral a décidé de statuer en l'état (ordonnance du 17 mars 1998) ; | Considering however that in holding that both parties had had "the opportunity to present their arguments concerning the issue of admissibility, both in written statements and during the hearing of December 1997" and that "due process had been respected", the arbitral tribunal decided to rule in those circumstances (order of 17 March 1998). |
| Que c'est dans ces conditions qu'il a déclaré la demande en révision irrecevable, faute pour BRASOIL d'avoir précisément démontré la fraude alléguée; | In these conditions the tribunal held the request for revision to be inadmissible, as BRASOIL failed to prove its allegations of fraud. |
| Considérant qu'il résulte de tout ce qui précède que même si GMRA avait bien été invitée à conclure "au fond" et si à aucun moment, le tribunal arbitral n'avait clairement exclu de l'ordre du | Considering that it results from all the preceding arguments that even though GMRA was invited to conclude on "the merits" and although the tribunal at no time clearly excluded from the agenda |

FRENCH INTERNATIONAL ARBITRATION LAW REPORTS

| ORIGINAL | TRANSLATION |
|---|---|
| jour de l'audience à intervenir sur la révision, la question de la preuve au fond de la fraude alléguée, il a laissé à tout le moins se développer une ambiguïté puisqu'après avoir annoncé le 27 novembre 1997 que les débats seraient limités à la "recevabilité en principe" de la requête en révision, que la durée des plaidoiries serait limitée à une heure pour chacun et que la décision serait rendue le même jour, ce dont il pouvait légitimement être déduit, en l'absence de précision, qu'ainsi que l'avait demandé BRASOIL, l'audience serait exclusivement consacrée à définir, ce qui restait à faire, le cadre juridique du recours et les règles qui lui seraient applicables, notamment quant aux limites de la preuve à rapporter sur la question de fraude au sujet desquelles un désaccord essentiel opposait les parties, il a finalement choisi de franchir immédiatement l'étape suivante en abordant la discussion relative à l'existence de la fraude alléguée ; | for the hearing on the revision the issue of substantive proof of the alleged fraud, it did allow for a certain ambiguity. On 27 November 1997 it announced that the discussions would only deal with the "principle of the admissibility" of the request for revision, that the duration of the pleadings would be limited to one hour each and the that decision would be rendered on the same day; and as nothing further was specified, it could legitimately be inferred then that, as BRASOIL had requested, the hearing would exclusively be dedicated to defining the legal framework for the request and the rules which would apply to it – as this had not yet been done – notably, regarding the limits of the proof of fraud – issue over which the parties were fundamentally opposed. In the end, it decided to immediately move on to the next stage and discuss the existence of the alleged fraud. |
| Or considérant que si BRASOIL avait bien elle-même discuté la question dans sa requête initiale, elle n'avait pas autrement développé ses commentaires sur ce point et ne s'était pas attachée à rapporter la preuve de ses allégations ; | Yet considering that although BRASOIL did itself address the issue in its initial request, it did not elaborate any further on its comments on this point and did not dedicate its efforts to providing proof of its allegations. |
| Que les premiers débats devant être limités, selon ce qu'avait lui-même indiqué le tribunal arbitral, "à la recevabilité en principe" de sa requête, elle n'a même pas cru devoir répondre aux très longues écritures communiquées par GMRA sur le problème, trois jours seulement avant la clôture et n'a pas davantage tenté d'obtenir un délai supplémentaire pour le faire ; | As the first discussions had to be circumscribed, according to the statements of the tribunal itself, to the "principle of the admissibility" of its request, it did not even think it necessary to reply to the extremely lengthy comments communicated by GMRA on the issue, a mere three days before the discussion was closed, and did not try again to obtain a further extension. |

**Paris Court of Appeal**
**1st Chamber – Section C**
**Decision of 1 July 1999**
**(No.   , 13 pages)**
**Docket number: 1998/24637**

---

| ORIGINAL | TRANSLATION |
|---|---|
| Considérant qu'en s'abstenant de dissiper cet évident malentendu en précisant clairement aux parties ce qu'il entendait par "recevabilité en principe" et en statuant dans ces conditions, sans même ordonner une réouverture des débats, les arbitres ont violé le principe de la contradiction et les droits de la défense ; | Considering that in failing to clear up the obvious misunderstanding by clearly informing the parties what was intended by "principle of the admissibility" and, in ruling under these conditions, without ordering that the discussions be reopened, the arbitrators violated due process and the right of reply. |
| Considérant que GMRA objecte cependant qu'en s'abstenant de critiquer immédiatement les termes de l'ordonnance du 17 mars 1998 BRASOIL aurait là encore renoncé à se prévaloir de l'irrégularité dénoncée ; | However, considering that GMRA contends that in refraining from immediately challenging the terms of the 17 March 1998 order, BRASOIL once again had waived the right to rely on the contested irregularity. |
| Mais considérant que c'est précisément parce que BRASOIL avait protesté contre ce qu'elle estimait avoir été une atteinte à ses droits fondamentaux que l'ordonnance du 17 mars 1998 est intervenue et qu'on n'imagine pas ce qu'elle aurait pu faire alors, sinon initier un recours en annulation devant la Cour d'appel ainsi qu'elle s'y est résolue ; | But considering that it is precisely because BRASOIL protested against what it considered to be an infringement of its fundamental rights, that the 17 March 1998 order was rendered. It is hard to imagine what else it could then have done, but to file an action to set the award aside with the Court of Appeal, which it did indeed decide to do. |
| Qu'il s'en déduit que le deuxième moyen de nullité est également bien fondé et que la "décision" du 14 mai 1998 encourt de ce chef aussi l'annulation ; | The second argument regarding setting aside is thus also well-founded and the "decision" of 14 May 1998, can also be set aside on this ground. |
| Considérant que GMRA qui supportera les dépens du recours doit aussi être condamnée à payer à BRASOIL une somme de 50.000 Francs sur le fondement de l'article 700 du nouveau code de procédure civile au bénéfice duquel, lui-même ne peut prétendre ; | Considering that GMRA which will bear the costs of the action, must also be ordered to pay BRASOIL an amount of FF 50,000 on the basis of Article 700 of the New Code of Civil Procedure, to which it cannot lay a claim. |

| ORIGINAL | TRANSLATION |
|---|---|
| **PAR CES MOTIFS** | **FOR THESE REASONS,** |
| Déclare le recours en annulation formé par la société BRASPETRO OIL SERVICES COMPANY contre la décision du 14 mai 1998, recevable et bien fondé ; | Declares admissible and well-founded BRASPETRO OIL SERVICES COMPANY's action to set aside the decision rendered on 14 May 1998; |
| Annule la décision précitée ; | Sets aside the aforementioned decision; |
| Condamne THE MANAGEMENT AND IMPLEMENTATION AUTHORITY OF THE GREAT MAN-MADE RIVER PROJECT à payer à la société BRASPETRO OIL SERVICES COMPANY une somme de 50.000 Francs sur le fondement de l'article 700 du nouveau code de procédure civile ; | Orders THE MANAGEMENT AND IMPLEMENTATION AUTHORITY OF THE GREAT MAN-MADE RIVER PROJECT to pay BRASPETRO OIL SERVICES COMPANY an amount of FF 50,000 pursuant to Article 700 of the New Code of Civil Procedure, |
| Déboute THE MANAGEMENT AND IMPLEMENTATION AUTHORITY OF THE GREAT MAN-MADE RIVER PROJECT de la demande qu'elle-même présente sur le même fondement ; | Rejects THE MANAGEMENT AND IMPLEMENTATION AUTHORITY OF THE GREAT MAN-MADE RIVER PROJECT's claim on the basis of this same Article, |
| Condamne THE MANAGEMENT AND IMPLEMENTATION AUTHORITY OF THE GREATMAN MADE RIVER PROJECT aux dépens du recours ; | Orders THE MANAGEMENT AND IMPLEMENTATION AUTHORITY OF THE GREAT MAN-MADE RIVER PROJECT to pay the costs of these proceedings |
| Accorde à la SCP FISSELIER-BOULAY-CHILOUX le bénéfice de l'article 699 du nouveau code de procédure civile. | and allows the SCP FISSELIER-BOULAY-CHILOUX, avoués, to benefit from Article 699 of the New Code of Civil Procedure. |